[NOT FOR PUBLICATION]

 United States Court of Appeals United States Court of Appeals
 For the First Circuit For the First Circuit
 

No. 97-1772

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 MADELINE VALENT N-OQUENDO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Aldrich, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

 Linda Backiel on brief for appellant. 
 Guillermo Gil, United States Attorney, Jose A. 
Quiles-Espinosa, Senior Litigation Counsel, and Antonio R. 
Bazan, Assistant U.S. Attorney, on brief for appellee. 

 

 December 12, 1997
 

 Per Curiam. Madeline Valent n-Oquendo was Per Curiam. 

convicted of three counts of dealing in semi-automatic

weapons prohibited by 18 U.S.C. 922(v) and was sentenced

to 51 months of incarceration.

 She appeals her conviction, arguing that the

indictment, at Count I, merged the substantive and conspiracy

offenses such that she did not have fair notice of that which

she was being accused and that, therefore, double jeopardy

concerns are raised by her conviction. A co-conspirator's

statement was erroneously admitted and there were other trial

errors, she says, and she complains that she was not given a

theory of the defense instruction. Her sentence is improper,

she also argues, because she should not have received a two-

point upward adjustment as an organizer or supervisor and she

should have been given a downward departure for extreme

family hardship.

 Many of the claimed errors were not objected to in

the trial court and Valent n's arguments fail for reasons

which require only brief explanation.

 I

 Valent n worked as a manager at a weapons shop, the

Armer a del Oeste in Bayam n, Puerto Rico. The federal

firearms license for the shop was issued to Carmen V squez-

V squez. Valent n wanted to assume the business and had a

pending application to obtain her own license. The undoing

 -2- 2

of Valent n and her co-defendants, including Jose S nchez-

Toledo, came when a package, sent though the U.S. Mails,

arrived at the Bayam n Post Office with the muzzle of a rifle

sticking out. It was addressed to the post office box of the

Armer a del Oeste, but the return address, in Florida, was

fictitious. Valent n claimed the package and turned it over

to S nchez, an employee of the Puerto Rican Police, who put

the package into a police car and drove to another location

where he returned the package to Valent n. [S nchez would

later plead guilty and provide evidence against Valent n.] 

 Within two weeks a second package arrived at the

Bayam n Post Office from the same fictitious Florida address.

This package was picked up by co-defendant Maritza Emerson-

de-Jes s, who presented false identification. Emerson also

worked at the Armer a. Emerson used Valent n's pick-up truck

to get the package. She also turned the package over to

S nchez, who again put it into his police car, in which

Gonz lez-Rom n was a passenger. The postal authorities, who

had been monitoring these transactions with interest,

immediately arrested the two men, and later, the women. 

 These transactions were not recorded on the books

of the Armer a. Indeed, documents appear to have been

falsified in an effort to show that the transaction in the

weapons was authorized. The two packages contained six

Norinco rifles and two large capacity magazines, prohibited

 -3- 3

by law. The two women acknowledged receiving $750.00 for the

transactions, but argued that they thought the weapons

belonged to the Puerto Rican Police and had been sent to

Miami for repair. The jury rejected that theory.

 II

The Indictment

 While not artfully drafted, Count I of the

Indictment alleged that the defendants did "unlawfully engage

in the business of dealing in firearms as the term is defined

in Title 18, United States Code, Section 921(3), that is, a

conspiracy to violate Title 18, United States Code, Section

922(a)(1)." The indictment went on to allege the object of

the conspiracy and a series of overt acts, giving specific

places and times. Valent n never objected to the indictment

before the trial court, so review is for plain error. See 

United States v. Olano, 507 U.S. 725 (1993). There was no 

plain error. 

 The combination of the references in the

indictment to the statutory sections involved and the

description of the overt acts gave Valent n ample notice of

the charges. To the extent Valent n argues there was

ambiguity as to whether the transaction was illegal because

she was unlicensed or because she was licensed but

nonetheless engaged in an illegal transaction, Valent n was

given discovery showing that the government would show she

 -4- 4

did not have a valid license at the time of these

transactions. There was no due process notice problem. The

district court sensibly construed Count I as a conspiracy

count and so instructed, without objection. 

 As to any hypothetical double jeopardy issue, the

issue is at present exactly that: hypothetical. If there is

a future prosecution, Valent n may raise the double jeopardy

issue at that time.

Co-Conspirator Statement and Other Alleged Trial Errors

 Applying this circuit's oft-recited test under

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 

1977), the district court conditionally held admissible the

statement of Gonz lez-Rom n, as reported by S nchez-Toledo.

The statement concerned the relationship between Valent n and

Gonz lez, that they had made arrangements to send the

packages from Florida to Puerto Rico and that all of those

involved were aware that the packages contained weapons. At

the end of the trial, the district court revisited the

question and again determined the statements were admissible.

Valent n argues that there was no evidence of a conspiracy

other than these statements and so admission of the testimony

was error. The argument is without merit, as the recitation

of the evidence demonstrates.

 Nor was Valent n entitled to an instruction on the

defense theory that these transactions were legitimate and

 -5- 5

the guns were intended for the Puerto Rico Police. There was

no evidence to support the theory. The document proffered in

support were not established to be official documents from

San Juan Police; rather, they appear to have been falsified,

and rather ineptly at that.

 We have reviewed the remaining alleged trial errors

and find the arguments to be without merit.

Sentencing

 The district court found that Valent n was a leader

or organizer in the offense and accordingly increased the

offense level by two points under U.S.S.G. 3B1.1(c). On

the evidence, this conclusion was plainly correct. Valent n

gave Gonz lez the address to which the weapons were to be

shipped, twice called S nchez-Toledo to pick up the weapons,

appeared herself to pick up the guns, and let Emerson use her

truck when Emerson picked up the guns. As to the downward

departure argument made here, no request was made to the

district court for a downward departure and there is no clear

error.

 Affirmed. 

 -6- 6